UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-24295-MC-UNGARO/O'SULLIVAN

CHEVRON CORPORATION,

    Plaintiff,

v.

STEVEN R. DONZIGER, THE LAW OFFICES
OF STEVEN R. DONZIGER, and DONZIGER &
ASSOCIATES, PLLC,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff / Judgment Creditor Chevron Corporation's Motion to Reissue Stock Certificates of Argyle Ventures, Inc. and Deliver the Same for Levy and Memorandum of Law (DE# 31, 12/20/19).

## BACKGROUND

Chevron Corporation (hereinafter "Chevron" or "plaintiff") holds a supplemental judgment against defendants Steven R. Donziger, The Law Offices of Steven R. Donziger and Donziger & Associates, PLLC (collectively, "Donziger Defendants"), jointly and severally, in the amount of $3,433,384.30. See Supplemental Judgment (DE# 17-1, 11/22/19). As of the filing of the instant Motion, the entire amount of the Supplemental Judgment remains outstanding. See Affidavit of Ryan B. Witte, Esq. (DE# 31-1 at ¶ 4, 12/20/19).

On December 20, 2019, the plaintiff filed the instant motion seeking the reissuance of stock certificates of impleaded third-party defendant Argyle Ventures, Inc.

See Plaintiff / Judgment Creditor Chevron Corporation's Motion to Reissue Stock Certificates of Argyle Ventures, Inc. and Deliver the Same for Levy and Memorandum of Law (DE# 31, 12/20/19) (hereinafter "Motion"). On the same day, the plaintiff also filed the supporting affidavit of its attorney. See Declaration of Luis E. Suarez, Esq., in Support of Chevron Corporation's Motion to Reissue Stock Certificates of Argyle Ventures, Inc. and Deliver the Same for Levy and Memorandum in Support (DE# 32, 12/20/19) (hereinafter "Suarez Decl."). The plaintiff also filed a request for the Court to "take judicial notice of certain orders entered in the Circuit Court (Probate Division) for the Fourth Judicial Circuit, in and for Duval County." See Chevron's Request for Judicial Notice in Support of its Motion to Reissue Stock Certificates of Argyle Ventures, Inc. and Deliver the Same for Levy (DE# 49, 1/15/20).

Argyle Ventures, Inc. did not oppose the relief requested. See Argyle Ventures Inc.'s Response and Non-Opposition to Chevron Corporation's Motion to Reissue Stock Certificates of Argyle Ventures, Inc. and Deliver the Same for Levy (DE# 35, 1/2/20) (hereinafter "Argyle Ventures' Response").

On February 20, 2020, defendant Steven Donziger filed his response opposing the instant Motion. See Letter Dated February 20, 2020 (DE# 67, 2/28/20) (hereinafter "Donziger's Response").[1] Mr. Donziger's request to file a surreply was denied on February 28, 2020. See Order (DE# 68 at 2, 2/28/20).

Chevron filed its reply and a supporting declaration of attorney William E. Thomson on February 27, 2020. See Chevron's Reply to Donziger's February 20, 2020

---

[1] Although the letter was dated February 20, 2020, it was not docketed until February 28, 2020.

2

Letter in Opposition to Chevron's (1) Motion to Reissue Stock Certificates of Argyle Ventures, Inc. and Deliver the Same for Levy, and (2) this Court's Charging Order Against Lewmike LLC (DE# 65, 2/27/20) (hereinafter "Reply"); Declaration of William E. Thomson in Support of Chevron Corporation's Reply to Donziger's February 20, 2020 Letter in Opposition to Chevron's (1) Motion to Reissue Stock Certificates of Argyle Ventures, Inc. and Deliver the Same for Levy, and (2) this Court's Charging Order Against Lewmike LLC (DE# 66, 2/27/20).

## **ANALYSIS**

In the instant Motion, the plaintiff seeks:

> an Order directing Argyle Ventures, Inc. ("Argyle Ventures") to cancel and reissue stock certificates that are currently, incorrectly and in contravention of a final order from a Florida Probate Court, issued in the name of the late Michael Donziger as Trustee of the Donziger Family Trust, to Defendant / Judgment Debtor STEVEN R. DONZIGER ("Donziger") (to be consistent with the orders of the Florida Probate Court), and to turn over the reissued stock certificates to Chevron's counsel so that the certificates may be turned over to the U.S. Marshal for further disposition including for sale for the benefit of Chevron.

Motion at 1 (footnotes omitted).

Rule 69(a)(1) of the Federal Rules of Civil Procedure states, in part, that "[t]he procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1).

Florida law provides that "[l]ands and tenements, goods and chattels, equities of redemption in real and personal property, and **stock in corporations**, shall be subject to levy and sale under execution." Fla. Stat. § 56.061 (emphasis added). Moreover,

> [a] creditor whose debtor is the owner of a certificated security, uncertificated security, or security entitlement is entitled to aid from a court of competent jurisdiction, by injunction or otherwise, in reaching the

3

> certificated security, uncertificated security, or security entitlement or in satisfying the claim by means allowed at law or in equity in regard to property that cannot readily be reached by other legal process.

Fla. Stat. § 678.1121(5).

The stock certificates at issue in the instant case are in the name of "Michael Donziger as Trustee of the Donziger Family Trust." Motion at 3. The Donziger Family Trust is also referred to as the "Leon S. Donziger Family Trust" in the filings. See, e.g., Consent Order Regarding Termination of Trust, Suarez Decl. at Exhibit 3 (DE# 32-3 at 1) (hereinafter "Consent Order"). Leon Donziger was Michael Donziger's father and Steven Donziger's grandfather. See Order on Trustee and Attorneys' Fees, Suarez Decl. at Exhibit 4 (DE# 32-4 at 2). Michael Donziger is the deceased father of Steven Donziger. Motion at 1 n.1.

The Court will take judicial notice of state court proceedings in In re Estate of Leon S. Donziger, Deceased, in the Circuit Court of Florida's Fourth Judicial Circuit, in and for Duval County, Florida, Probate Division (Case No.:89-1102-CP). See Coney v. Smith, 738 F.2d 1199, 1200 (11th Cir. 1984) (taking judicial notice of state court proceedings).

The Donziger Family Trust was terminated on November 29, 2012. See Consent Order, Suarez Decl. at Exhibit 3 (DE# 32-3 at 1). Steven Donziger was the sole beneficiary of the trust. Id. The Consent Order awarded to Steven Donziger "all of the assets in the Trust listed on the Trust Accounting filed . . . on October 18, 2012" which included "50% Stock Interest in Argyle Ventures, Inc." Id. at 2. Under the terms of the Consent Order, the then trustee, Michael N. Schneider, was ordered to "cooperate and act reasonably to effectively **transfer all assets of the Trust to Steven Donziger**." Id. at 1 (emphasis added).

4

Notwithstanding the Consent Order, Mr. Schneider did not transfer the Argyle Ventures, Inc. stock certificates to Steven Donziger. See Argyle Ventures' Response at 1 (stating that the stock certificates were still "in the name of the late Michael Donziger as Trustee of the Donziger Family Trust"). In a letter dated July 6, 2018, Mr. Schneider stated that "[t]he Argyle Ventures, Inc. stock was obtained directly by Beneficiary," i.e., Steven Donziger. See July 6, 2018 Letter, Suarez Decl. at Exhibit 6 (DE# 32-6 at 1).

"At present, the shares are in the possession of Argyle Ventures in Florida." Argyle Ventures' Response at 2. Argyle Ventures does not oppose the relief requested. Id. at 1. However, Argyle Ventures notes that pursuant to the procedure set forth in its bylaws, the "stock certificates [must] be signed by both the president of Argyle Ventures, Lynn Wenguer, and the secretary, Steven Donziger." Id.

Steven Donziger raises several objections to the instant Motion. See Donziger's Response. The undersigned will address Mr. Donziger's arguments below.

**1.     Steven Donziger's Request to Dismiss the Instant Proceedings Supplementary on Equitable Grounds**

In his response, Steven Donziger asks that the Court dismiss the instant proceedings supplementary on equitable grounds:

> based on the larger context and the obvious equities involved in a case where a multinational oil company with approximately $250 billion in annual revenue is seeking to seize a small monthly payment that I use to support my family, plainly reflecting the company's larger campaign of attacks to "demonize" me and crush me as a way of sending a message to other environmental and human rights defenders who have the temerity to challenge the fossil fuel industry.

Donziger's Response at 1. Mr. Donziger also cites the plaintiff's wealth, his family's financial hardship, the lengthy litigation history between the parties and what he characterizes as the plaintiff's "abusive and improper" use of the legal system. Id. at 3-4.

5

"Proceedings supplementary under section 56.29 are special statutory proceedings subsequent to judgment to aid a judgment creditor in collecting his judgment against the judgment debtor." Fundamental Long-Term Care Holdings, LLC v. Estate of Jackson ex rel. Jackson-Platts, 110 So. 3d 6, 7 (Fla. 2d DCA 2012) (internal quotation marks omitted). The Court's role in proceedings supplementary is limited. "Proceedings supplementary are not independent causes of action but are post-judgment proceedings that permit a judgment creditor to effectuate a judgment lien that already exists." ABM Fin. Servs., Inc. v. Express Consolidation, Inc., No. 07-60294, 2011 WL 915669, at *1 (S.D. Fla. Mar. 16, 2011). The instant proceedings supplementary are not an opportunity to relitigate the merits of the Supplemental Judgment (DE# 17-1, 11/22/19). Mr. Donziger cites no cases where a proceedings supplementary was dismissed based on the grounds he raises in his Response. Accordingly, the Court will not dismiss the instant proceedings supplementary.

**2.   The Florida Revised Limited Liability Company Act Does Not Prohibit the Court from Ordering the Reissuance of Stock Certificates in Argyle Ventures, Inc.**

The plaintiff seeks the reissuance of the Argyle Ventures, Inc.'s stock certificates in Steven Donziger's name so that it may levy the shares for execution and cites several cases where the courts have ordered the reissuance of stock certificates. See Motion at 7 (citing Schanck v. Gayhart, 245 So. 3d 970 (Fla. 1st DCA 2018); House v. S.W. Williams, 573 So. 2d 1012 (Fla. 5th DCA 1991); In re Infolink Group, Inc., 447 B.R. 647, 653 (Bankr. S.D. Fla. 2011)).

Steven Donziger argues that section 605.0503(3) of the Florida Revised Limited Liability Company Act applies to the instant case and provides that "[a] charging order is

6

the **sole and exclusive remedy** by which a judgment creditor of a member or member's transferee may satisfy a judgment from the judgment debtor's interest in a limited liability company or rights to distributions from the limited liability company." Donziger's Response at 1 (quoting Fla. Stat. § 605.0503(3) (emphasis added)). According to Mr. Donziger,

> [t]here is no reason for the extraordinary remedy of forcible re-issuance of the shares (even if such a remedy were lawful under Florida law and permissible under the bylaws of [Argyle Ventures, Inc.], both claims I dispute although I do not believe there is any need to reach them at this point in time) unless it is part of some Chevron gambit to seize property or interfere with the LLCs in a manner prohibited by the exclusivity clarified by the Olmstead patch.

Donziger's Response at 2.

The "Olmstead patch" refers to the Florida Legislature's response to the Florida Supreme Court's decision in Olmstead v. F.T.C., which held that "a court may order a judgment debtor to surrender all right, title, and interest in the debtor's single-member **LLC** to satisfy an outstanding judgment." 44 So. 3d 76, 83 (Fla. 2010) (emphasis added).

In response to Olmstead, the Florida Legislature amended section 608.433 (later replaced by 605.0503) to clarify that a charging order and a charging order followed by a foreclosure sale were "the exclusive remedies available to a judgment creditor as to a judgment debtor's interest in an **LLC**." Regions Bank v. Hyman, No. 8:09-CV-1841-T-17MAP, 2015 WL 1912251, at *1, *7 (M.D. Fla. April 27, 2015) (emphasis added). Mr. Donziger's reliance on section 605.0503(3) is misplaced because Chapter 605 governs "[t]he internal affairs of a **limited liability company**." Fla. Stat. § 605.0104(1) (emphasis added).

Here, the plaintiff is seeking the reissuance of stock certificates of Argyle

7

Ventures, Inc., a Florida for profit **corporation**. See 2019 Annual Report of Argyle Ventures, Inc. (DE# 7-5, 10/23/19). Section 605.0503(3) of the Florida Revised Limited Liability Company Act and its exclusive remedies are not applicable to Argyle Ventures, Inc. because Argyle Ventures, Inc. is not a limited liability company.

Mr. Donziger notes that "[Argyle Ventures, Inc.]'s only holding is a membership interest in LLCs." Donziger's Response at 2. While that may be the case, Argyle Ventures, Inc. is itself a corporation and not an LLC. Section 56.061 specifically lists stock in corporations as property "subject to levy and sale under execution." Fla. Stat. § 56.061. Thus, section 605.0503(3) is not an impediment to the reissuance of the stock certificates in Argyle Ventures, Inc.

### 3.     **Income from Stock Distributions Are Not Wages**

Steven Donziger further argues that ordering the reissuance of the stock certificates "would allow Chevron to interfere with the majority portion of the [Argyle Ventures, Inc.] distributions that I maintain are payable to me under New York's anti-garnishment laws." Donziger's Response at 2.

Steven Donziger cites to a New Jersey state case for the proposition that "partnership distributions . . . are 'subject to state and federal wage execution laws,' and 'shall be deemed to be wages and earnings that are in part exempt from execution under state and federal law.'" Id. (quoting Zavodnick v. Leven, 773 A.2d 1170, 1175 (App. Div. 2001)). Mr. Donziger also cites to a District of Arizona case where the court limited a charging order on an interest in an LLC "to the garnishment permitted by Arizona law." Id. (quoting United States v. Alexander, No. CR0500472001PHXDGC, 2016 WL 2893406, at *1 (D. Ariz. May 18, 2016).

The plaintiff argues that under Rule 69 of the Federal Rules of Civil Procedure, Florida law governs the instant proceedings. Reply at 5. The plaintiff further argues that "[Mr.] Donziger is not entitled to the protections of Florida's anti-garnishment laws because: (1) Chevron has not sought the remedy of garnishment; and (2) Donziger's distributions from Lewmike and Argyle Ventures are not 'earnings . . . for personal services or labor'" within the meaning of Florida law.'" Id.

Mr. Donziger is not entitled to relief under Florida or New York law. Under Florida law, the "[d]isposable earnings of a head of a family, which are greater than $750 a week, may not be attached or garnished unless such person has agreed otherwise in writing." Fla. Stat. § 222.11(2)(b). The term "'[d]isposable earnings' means that part of the earnings of any head of family remaining after the deduction from those earnings of any amounts required by law to be withheld." Id. at (1)(b). "'Earnings' includes compensation paid or payable, in money of a sum certain, **for personal services or labor** whether denominated as wages, salary, commission, or bonus." Id. at (1)(a) (emphasis added).

Mr. Donziger has not presented any evidence that the distributions he received from Argyle Ventures, Inc. were for personal services or labor. In <u>Kane v. Stewart Tilghman Fox & Bianchi, P.A.</u>, the court found that "payments flowing from . . . [a law] firm to the [judgment debtors] were not salary, in the ordinary sense of the word, but were actually akin to shareholder distributions that were outside the scope of the exemption found in section 222.11." 197 So. 3d 137, 142 (Fla. 4th DCA 2016). In the instant case, the plaintiff has not commenced garnishment proceedings and in any event, Florida law permits the Court to order the reissuance of the stock certificates so

that the plaintiff may levy the shares for execution. See Schanck v. Gayhart, 245 So. 3d 970 (Fla. 1st DCA 2018); House v. S.W. Williams, 573 So. 2d 1012 (Fla. 5th DCA 1991); In re Infolink Group, Inc., 447 B.R. 647, 653 (Bankr. S.D. Fla. 2011).

Mr. Donziger would not fare any better under New York law. New York law exempts from satisfaction of a judgment "ninety per cent of the earnings of the judgment debtor for **his personal services rendered** within sixty days before, and at any time after, an income execution is delivered to the sheriff or a motion is made to secure the application of the judgment debtor's earnings to the satisfaction of the judgment." N.Y. C.P.L.R. 5205(d)(2) (emphasis added). Again, Mr. Donziger has not presented any evidence that the distributions he received were for personal services rendered.

To the extent Mr. Donziger is also challenging the charging orders directed to Argyle Knoxville LLC, Argyle 210 LLC and Lewmike, LLC (DE# 18 and DE# 52), the plaintiff has not commenced garnishment proceedings and Mr. Donziger has failed to show that the distributions from those entities were "earnings" under section 222.11.

## **CONCLUSION**

In sum, the Court has the authority to order the reissuance of stock certificates in Argyle Ventures, Inc. See Schanck v. Gayhart, 245 So. 3d 970 (Fla. 1st DCA 2018); House v. S.W. Williams, 573 So. 2d 1012 (Fla. 5th DCA 1991); In re Infolink Group, Inc., 447 B.R. 647, 653 (Bankr. S.D. Fla. 2011). Argyle Ventures, Inc. does not oppose the relief requested. See Argyle Ventures' Response. The arguments raised by Steven Donziger are not persuasive for the reasons discussed in this Order. Therefore, the Court will order Argyle Ventures to cancel the stock certificates currently in the name of the late Michael Donziger as Trustee of the Donziger Family Trust and to reissue those

stock certificates in the name of Steven R. Donziger. Argyle Ventures will further be required to turnover the stock certificates to the plaintiff so that the plaintiff may levy the shares for execution.

In accordance with the foregoing, it is

ORDERED AND ADJUDGED that the Plaintiff / Judgment Creditor Chevron Corporation's Motion to Reissue Stock Certificates of Argyle Ventures, Inc. and Deliver the Same for Levy and Memorandum of Law (DE# 31, 12/20/19) is **GRANTED**. It is further

ORDERED AND ADJUDGED that on or before **Thursday, July 9, 2020**, the plaintiff shall submit a proposed Order effectuating the reissuance of the stock certificates at issue and otherwise in compliance with this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this **6th** day of July, 2020.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE